IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

JERRY SANFORD and STEPHANIE  )
MCCLURE, individually as lawful heirs of  )
Jonathan Sanford, and Co-Administrators  )
of the ESTATE OF JONATHAN  )
SANFORD, DECEASED,  )
 )
    Plaintiffs,  )
 )    Civil Action File No.:
v.  )
 )    2:22-CV-00078-RWS
DAWSON COUNTY SHERIFF, JEFF  )
JOHNSON, in his individual capacity;  )
DAWSON COUNTY SHERIFF'S OFFICE  )
DEPUTIES and/or JAILERS ZACHARY  )
TOTHEROW, DONALD S. LEWIS,  )
STEPHEN D. HOLLOWAY, WILLIAM  )
D. JOHNSON, MICHAEL A. WHARTON,  )
MADISON A. ELDER, DAVID  )
LINGERFELT, and THERESA KIRBY,  )
in each of their individual capacities,  )
 )
    Defendants.  )
_____

## <u>DEFENDANTS' INITIAL DISCLOSURES</u>

COME NOW Defendants DAWSON COUNTY SHERIFF, JEFF

JOHNSON, in his individual capacity; DAWSON COUNTY SHERIFF'S OFFICE

DEPUTIES and/or JAILERS ZACHARY TOTHEROW, DONALD S. LEWIS,

STEPHEN D. HOLLAWAY[1], WILLIAM D. JOHNSON, MICHAEL A. WHARTON, MADISON A. ELDER, DAVID LINGERFELT, and THERESA KIRBY, in each of their individual capacities (collectively, referred to hereinafter as "Defendants"), by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 26(a)(1) and L.R. 26.1, hereby file the following Initial Disclosures:

**(1)** *If any of the defendants are improperly identified, state defendants correct identification and state whether such defendant(s) will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.*

**RESPONSE**: Defendant Stephen D. Hollaway has been misidentified based on a misspelling of his last name as "Holloway". To the extent there is an amendment to the pleadings solely to correct this misidentification as to the spelling of Hollaway's last name, the undersigned counsel would be authorized to accept service of any such amendment to the pleadings.

**(2)** *Provide the names of any parties whom defendants contend are necessary parties to this action, but who have not been named by plaintiff. If defendants contend that there is a question of misjoinder of parties, provide the reasons for defendants' contention.*

---

[1] Plaintiff's Complaint misidentifies this defendant's last name as "Holloway".

**RESPONSE**:  Defendants do not contend that any additional parties are necessary to this action or that there is a question of misjoinder of parties.

**(3)** ***Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by defendants in the responsive pleading.***

**RESPONSE**: Defendants deny any and all allegations set forth in the Complaint alleging that they in any manner acted negligently, with deliberate indifference, or otherwise in an inappropriate or unlawful manner with respect to the monitoring or medical needs of Plaintiffs' decedent Jonathan Sanford ("Plaintiffs' decedent") at any time during the course of the arrest, transport, intake, custody, and/or supervision of Plaintiffs' decedent.  Defendants further deny that they in any manner breached any duty owed to Plaintiffs' decedent, or violated state law, or violated or deprived Plaintiffs' decedent of any civil rights guaranteed under the Constitution, laws, or regulations of the United States.  Furthermore, the Defendants at all times relevant hereto acted in good faith and without intent to harm Plaintiffs' decedent, and, further, Defendants did not act with willful or with wanton malice or purposeful disregard for Plaintiffs' decedent's condition or rights.

Further, the Defendants who were in a supervisory capacity at the time of the events pertaining to the arrest, transport, intake and custody of Plaintiffs' decedent and who did not have any personal participation or interaction with respect to Plaintiffs' decedent did not fail to provide training or supervision that caused or resulted in any violation of the constitutional rights of Plaintiffs' decedent.  Moreover, there is a lack of factual evidence that would demonstrate a causal connection between any acts or omissions of those supervisory Defendants and the death of Plaintiffs' decedent.  Furthermore, there is no factual evidence regarding a policy or custom resulting in deliberate indifference to constitutional rights.

Defendants are entitled to the defense of qualified immunity as to the federal causes of action brought against them under 42 U.S.C. § 1983 and the defense of official immunity as to the state law wrongful death cause of action brought against them.

The Defendants who had encounters with Plaintiffs' decedent are not liable to Plaintiff because their alleged acts or omissions from the night of June 1, 2020 through and including the time Plaintiffs' decedent was found unresponsive in booking area holding cell BR-7 do not constitute a violation of a ministerial duty, do not amount to deliberate indifference to serious medical needs in violation of

the federal constitutional rights of Plaintiffs' decedent, were not the proximate cause of the death or any alleged injuries/harm to Plaintiffs' decedent, and did not proximately cause any harm, injury or damages to Plaintiffs' decedent.  Defendants are entitled to qualified immunity because while acting within the scope of their discretionary authority as law enforcement officers or detention officers for the Dawson County Sheriff's Office at all times relevant to this matter, they did not violate any clearly established federal statutory or constitutional rights of which every reasonable officer, faced with the circumstances facing Defendants, would have known.  Defendants are also entitled to official immunity as to any state law claims because at all times relevant to this matter, Defendants did not negligently perform any ministerial duty that caused injury or harm to Plaintiffs' decedent and were performing discretionary acts within the scope of their official authority without any actual malice or actual intent to cause injury to Plaintiffs' decedent.

Defendants also show that the injuries/death of Plaintiffs' decedent were or may have been caused by acts of others over whom Defendants had no control, and/or by Plaintiffs' decedent's own conduct, acts, omissions and/or failure to exercise ordinary or reasonable care for his own safety.  Therefore, Plaintiffs' claims against Defendants are or also may be barred by the doctrine of assumption of the risk, the defense of comparative or contributory negligence, the defense of

lack of proximate cause, and/or the defense of intervening or superseding causation. The Defendants stand on the responses and affirmative defenses set forth in their respective Answers, as facts supporting same will be established in discovery. Defendant have not asserted any counterclaims or crossclaims. The Defendants reserve the right to supplement these Initial Disclosures as discovery and further investigation may reveal additional facts that may be responsive to these Initial Disclosures.

*(4)* *Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendants contend are applicable to this action.*

**RESPONSE**:

I.     U.S. Constitution:

a. Amendment VIII (and case law construing same);

b. Amendment XIV (and case law construing same);

II.    Federal Rules of Civil Procedure (and case law construing same);

III.   Federal Rules of Evidence (and case law construing same);

IV.    Federal Statutes:

a. 42 U.S.C. § 1983 (Civil Action for Deprivation of Rights) and case law construing same;

b. 42 U.S.C. § 1988(b) (Attorney's Fees to Prevailing Party in § 1983 Action);

V. Georgia Constitution:

a. Ga. Const. art. I, § 2, ¶ IX(d) (providing constitutional basis for doctrine of official immunity as to state-law claims against Defendants);

VI. Legal Principles and Illustrative Cases;

a. State Law Doctrine of Official Immunity: Gilbert v. Richardson, 264 Ga. 744 (1994); Schmidt v. Adams, 211 Ga. App. 156 (1993); Harvey v. Nichols, 260 Ga. App. 187 (2003); Woodard v. Laurens County, 265 Ga. 404 (1995); Cameron v. Lang, 274 Ga. 122 (2001); Gilbert v. Richardson, 264 Ga. 744 (1994); Polk County v. Ellington, 306 Ga. App. 193 (2010); Todd v. Brooks, 292 Ga. App. 329 (2008); Carter v. Glenn, 249 Ga. App. 414 (2001); Selvy v. Morrison, 292 Ga. App. 702 (2008); Kidd v. Coates, 271 Ga. 33 (1999); Russell v. Barrett, 296 Ga. App. 114 (2009); Williams v. Pauley, 331 Ga. App. 129 (2015);

b. Federal Doctrine of Qualified Immunity: Harlow v. Fitzgerald, 457 U.S. 800 (1982); Pearson v. Callahan, 555 U.S. 223 (2009); Mann v. Taser Int'l, Inc., 588 F.3d 1291 (11th Cir. 2009); Holloman ex rel. Holloman v. Harland, 370 F.3d 1262 (11th Cir. 2004); Lee v. Ferraro, 284 F.3d 1188,

1194 (11th Cir. 2002); <u>Melton v. Abston</u>, 841 F.3d 1207, 1221 (11th Cir. 2016);

   c.  Deliberate Indifference to Serious Medical Needs Standards of Review: <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976); <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994); <u>Belcher v. City of Foley,</u> 30 F.3d 1390, 1396 (11th Cir. 1994); <u>Goebert v. Lee County</u>, 510 F.3d 1312, 1326 (11th Cir. 2007); <u>Scott v. Coleman</u>, 439 F. App'x 783, 785 (11th Cir. 2011); <u>Townsend v. Jefferson County</u>, 601 F.3d 1152 (11th Cir. 2010); <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1505 (11th Cir. 1991);  <u>Burnette v. Taylor</u>, 533 F.3d 1325, 1330 (11th Cir. 2008); <u>Johnson v. Bessemer, Alabama, City of</u>, 741 F. App'x 694, 699 (11th Cir. 2018).

Defendants' research, investigation and discovery are ongoing and Defendants expressly reserve the right to supplement this response, in accordance with the Federal Rules of Civil Procedure, including the right to supplement this response by reference to further pleadings and dispositive motion filings in this matter.

*(5)*   ***Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the***

*subject of the information.  (Attach witness list to Initial Disclosures as Attachment A).*

**RESPONSE**:  See Attachment A.

*(6)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports as Attachment B).*

**RESPONSE**:  See Attachment B.

*(7)     Provide a copy of, or description by category and location of, all documents, data, compilations, and tangible things in your possession, custody, or control that are relevant to the disputed facts alleged with particularity in the pleadings. (Attach document list and descriptions to Initial Disclosures as Attachment C).*

**RESPONSE**:  See Attachment C.

*(8)     In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of or description by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is*

*based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D).*

**RESPONSE**: See Attachment D.

(9)   *If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.*

**RESPONSE**: Subject to and without waiving any of the affirmative defenses asserted in Defendants' respective Answers, none known at this time.

(10)   *Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse from payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E).*

**RESPONSE**:   A copy of any responsive insurance agreement or copy of any applicable declaration pages has previously been produced to Plaintiff's counsel of record.  No Attachment E included.

Respectfully submitted, this 18th day of July, 2022.

**JARRARD & DAVIS, LLP**

/s/ *Kenneth P. Robin*
Kenneth P. Robin
Georgia Bar No. 609798
Patrick D. Jaugstetter
Georgia Bar No. 389680
*Attorneys for Defendants*

222 Webb Street
Cumming, Georgia 30040
(678) 455-7150 (telephone)
(678) 455-7149 (facsimile)
krobin@jarrard-davis.com
patrickj@jarrard-davis.com

## **ATTACHMENT A**

(1) Defendants, who may be contacted by and through their counsel of record, are expected to testify as to the extent of their knowledge and involvement, or lack of knowledge and involvement, in the incidents, allegations and subject matter referenced in Plaintiffs' Complaint.

In addition, the following present or former employees of the Dawson County Sheriff's Office ("DCSO") (headquarters located at 19 Tucker Ave., Dawsonville, GA 30534), who may be contacted by and through attorney Joey Homans (Fox, Chandler, Homans, Hicks & McKinnon, LLP, 272 Hwy 9 South, Dawsonville, GA 30534; phone: (706) 265-3090), may have knowledge of either: (1) the extent of their observations and any interactions or encounters with Plaintiffs' decedent from June 1, 2020 through June 2, 2020; (2) written reports that certain of them may have prepared in relation to events of June 1, 2020 through June 2, 2020 and the death of Plaintiffs' decedent; (3) communications and interaction with any witness to the pre-arrest conduct/driving of Plaintiffs' decedent on June 1, 2020 at the shopping center; and/or (3) their respective roles, communications, and/or activity in connection with any death investigation, including the GBI investigation, pertaining to Plaintiffs' decedent:

(2) Trent Tutt;

(3) Zachary Smith;

(4) Keleigh Paige;

(5) John Goss

(6) Alexander Pearson;

(7) Misty Harbin;

(8) Ray Goodie;

(9) Christopher Kupper;

(10)   Kyle Bailey;

(11)   John Smith;

(12)   Casey Honea;

In addition, the following persons presumed to be employed with the GBI (headquarters located at 3121 Panthersville Road, Decatur, Georgia 30034) may have knowledge of the GBI investigation that occurred in the immediate aftermath of the death of Plaintiffs' decedent, including their respective roles, communications, and activity in relation to that GBI investigation:

(13)   Shilo Crane, Special Agent;

(14)   Tiana Johnson, of GBI Medical Examiner's Office;

(15)   Elaina Honea, Special Agent;

(16)   Rochelle A. Simon, M.D.;

    (17)   Yontaley Darville-Dunham;

    (18)   Brittany S. Gresham;

    (19)   Kimberly Williams, Special Agent in Charge;

In addition, the following persons who are current or former employees of Dawson County, and who may be contacted through undersigned counsel, may have knowledge of their activity and observations in reference to Plaintiffs' decedent after being called to the scene at the Dawson County Detention Center on June 2, 2020:

    (20)   Firefighter/EMT Tim Pastore;

    (21)   Firefighter/Paramedic Chris Dover;

In addition, the following persons may have knowledge of their observations and any interactions with Plaintiffs' decedent while he was at the Dawson County Detention Center:

    (22)   Benjamin Martin (contact information unknown)

In addition, the following persons may have knowledge of communications and/or interactions/encounters with Plaintiffs' decedent prior to his June 1, 2020 arrest:

    (23)   Jack Cupp (contact information unknown);

    (24)   Eric Pope (contact information unknown);

In addition, the following person may have knowledge of events/observation in relation to Plaintiffs' decedent in a shopping center parking lot on June 1, 2020 and any related subsequent 911 communications or communications with DCSO officers:

(25)   Nicole Baylosas, last reported phone number: (470) 295-3035;

In addition, the following persons may have knowledge of their activity and observations in reference to Plaintiffs' decedent after being called to the scene at the Dawson County Detention Center on June 2, 2020:

(26)   Evan Seymore, Licensed Nurse Practitioner (contact information unknown);

Defendants further identify the following individuals, who may have knowledge related to the damages claimed and/or sought by Plaintiffs in this case and/or background, education, work history, physical and mental health history, arrest/criminal history, family history, and other biographical information pertaining to Plaintiffs' decedent:

(27)   Jerry Sanford (may be contacted through Plaintiffs' counsel);

(28)   Stephanie McClure (may be contacted through Plaintiffs' counsel);

(29)   Tammy Sanford (contact information unknown);

(30)   Mesha Anderson (contact information unknown);

(31)   Richard Anderson (contact information unknown);

(32)   Jeffrey C. Roy, 812 Fernwood Circle, Dawsonville, GA 30534, (678) 358-2505;

Defendants further identify the following individuals, who may have knowledge as to any post-death transport or inquest pertaining to Plaintiffs' decedent:

(33)   County Coroner Ted Bearden;

(34)   Ricky Wiggins, Deputy Coroner;

Defendants further identify the following individuals, who may have knowledge as to any assessment with respect to any criminal wrongdoing following review of files pertaining to the death investigation of Plaintiffs' decedent:

(35)   Lee Darragh, District Attorney;

(36)   Conley Greer, Senior Assistant District Attorney;

Defendants further identify the following individuals or persons:

(37)   Any other persons or individuals identified in the GBI investigative summaries and files pertaining to the death investigation pertaining to Plaintiffs' decedent;

(38)   Any persons or individuals identified by Plaintiffs in their initial disclosures or any amendments thereto or during discovery;

Defendants expressly reserve the right to supplement this response, as required by the Federal Rules of Civil Procedure, as additional and more specific information becomes available through discovery and further investigation.

## **ATTACHMENT B**

Defendants have not decided whether they will call any person at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Defendants specifically reserve the right to supplement this response, and Defendants agree to provide information regarding any such person or persons so retained, as required by these Initial Disclosures and by Fed.R.Civ.P. 26(a)(2)(B). However, Defendants show that they may give testimony regarding their knowledge, skills, training, education, and experience in the areas of law enforcement and jail administration/jail operations/jail supervision in defense of the claims alleged in Plaintiffs' Complaint.

# ATTACHMENT C

Defendants identify the following documents:

1. DCSO written incident reports, supplemental reports, and/or narrative reports pertaining to the events of June 1, 2020 through June 2, 2020 in relation to Plaintiffs' decedent and any subsequent investigation of the death of Plaintiffs' decedent;

2. DSCO car video and jail video files pertaining to the events of June 1, 2020 through June 2, 2020 in relation to Plaintiffs' decedent;

3. DCSO photographs taken following the death of Plaintiffs' decedent;

4. GBI investigation files related to the June 2, 2020 death of Plaintiffs' decedent, including any investigative summaries, witness statements, recorded interviews, photographs or other exhibits included therein;

5. GBI Autopsy Report and other GBI post-mortem reports pertaining to Plaintiffs' decedent;

6. DCSO standard operating procedures/policies regarding jail operations/jail administration/jail supervision;

This Attachment C is based on documents and information presently available to Defendants and/or known to Defendants. Defendants expressly reserve the right to supplement this response as they discover any additional

documents, data compilations, or other tangible things that they may use to support

their claims or defenses in this action.

## **ATTACHMENT D**

Defendants are not seeking any damages at this time.  However, if the Court later determines that Plaintiff's lawsuit warrants an award of attorney's fees against Plaintiffs, Defendants reserve the right to seek attorney's fees pursuant to 42 U.S.C. § 1988, Rule 11 of the Federal Rules of Civil Procedure, and/or as otherwise allowable by law.  Such fees would be based on the amount of time reasonably necessary to defend this matter on behalf of Defendants multiplied by the reasonable hourly rate charged by counsel for the Defendants.  Defendants also reserve the right to submit a Bill of Costs in this action should this action terminate in favor of Defendants.

## **CERTIFICATE OF SERVICE**

I hereby certify that, in accordance with LR 5.1(A), (N. D. Ga.), I have this date electronically filed the within and foregoing **Defendants' Initial Disclosures** in the above-styled action with the Clerk of Court by using the Court's CM/ECF system, which will automatically send notice of same to the following attorneys of record:

Sean P. Park
The Park Law Firm, LLC
680 Village Trace
Building 20, Suite E
Marietta, GA 30068

Andrew J. Richman
Richman Law Firm, LLC
6474 Georgia Highway 400
Cumming, GA 30028

I further certify that the within and foregoing has been prepared in accordance with Local Rule 5.1(C) and is in a 14-point Times New Roman font.

This 18th day of July, 2022.

**JARRARD & DAVIS, LLP**
*/s/ Kenneth P. Robin*
Kenneth P. Robin
Georgia Bar No. 609798
krobin@jarrard-davis.com
***Attorneys for Defendants***

222 Webb Street
Cumming, GA 30040
(678) 455-7150 – telephone
(678) 455-7149 – facsimile